IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 18-63-GF-BMM |
| Plaintiff/Respondent, | CV 20-17-GF-BMM |
| vs. | ORDER DENYING § 2255 MOTION |
| DEVON DRAPER, | AND DENYING CERTIFICATE OF |
| Defendant/Movant. | APPEALABILITY |

This case comes before the Court on Defendant/Movant Devon Draper's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Draper is a federal prisoner proceeding pro se.

Draper acknowledges that his counsel did an excellent job by obtaining a sentence of 94 months when the advisory guideline range was 151 to 188 months. *See* Br. in Supp. (Doc. 148) at 3.  Yet, he says, counsel did not recognize that "previous care providers ante-dating Movant's transfer into BOP did not recognize the clear signs of incipient heart failure." Id. at 10.  As a result, counsel did not verify the Bureau of Prisons could provide adequate medical care.  Draper states

1

that BOP doctors have now found he requires a heart transplant, and BOP does not provide that surgery. *See* Draper Aff. (Doc. 148-1) at 3 ¶¶ 18–19. He seeks transfer to a community correctional facility so that he may obtain transplant surgery. *See* Br. in Supp. at 3.

Lawyers are not doctors. Counsel does not perform unreasonably by failing to realize that medical providers have missed something. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Facts discovered after sentencing also cannot support a claim of ineffective assistance, because the right to effective assistance ends when a conviction becomes final. *See, e.g.*, *Ross v. Moffitt*, 417 U.S. 600, 610 (1974); *Douglas v. California*, 372 U.S. 353, 357 (1963). Draper's claim of ineffective assistance lacks merit. Reasonable jurists would not find a basis to disagree. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rule 11(a), Rules Governing § 2255 Proceedings.

Accordingly, **IT IS ORDERED**:

1. Draper's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 147, 148) is **DENIED**.

2. A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Draper files a Notice of Appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 20-17-GF-BMM are terminated and shall close the civil file by entering judgment in

favor of the United States and against Draper.

DATED this 10th day of June, 2020.

Brian Morris, Chief District Judge
United States District Court